UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE						CIVIL ACTION
COMPLAINT OF KIRBY INLAND
MARINE, L.P. AS OWNER OF M/V				NO. 11-794-JJB
NICOLE BRENT, M/V MELINDA
BRENT, M/V CHARLOTTE, M/V
CITY OF GREENVILLE, M/V DAPHNE,
M/V LINDA BRENT, M/V CITY OF
FREEPORT, PETITIONING FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

### RULING ON MOTION TO MODIFY RESTRAINING ORDER

This matter is before the Court on a Motion to Modify Restraining Order (Doc. 33) filed by Claimant Gregg Welch (Doc. 33). Kirby Inland Marine, L.P. filed an opposition (Doc. 35), to which Welch has filed a reply (Doc. 36). Oral argument is not necessary.

I.

Although the Court has not been apprised of the factual allegations that form the basis of this lawsuit, the Court assumes that the lawsuit arises from James Welch's alleged exposure to chemicals or other substances during his employment with Kirby, while assigned to the vessels the M/V NICOLE BRENT, M/V MELINDA BRENT, M/V CHARLOTTE, M/V CITY OF GREENVILLE, M/V LYDIA BRENT, M/V DAPHNE, and M/V CITY OF FREEPORT.[1] However, the underlying allegations are not of consequence to this Motion. Kirby Inland Marine, L.P., as owner of the aforementioned vessels, filed a Complaint in this Court on November 21, 2011 (Doc. 1), petitioning for exoneration from or limitation of liability, pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, and 46 U.S.C. § 181, et seq. The Court granted a Restraining Order (Doc. 8)

---

[1] The Court assumes this based on the statement of allegations in the Complaint as they relate to Charles Cross, a former claimant in this case, who has now settled. Compl. ¶ IX; Doc. 32.

1

on November 22, 2011, staying and restraining the commencement and/or further prosecution of any claim, action, or proceeding against Kirby, the aforementioned vessels, their underwriters, or any of Kirby's property, with respect to which Kirby seeks exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury, or destruction resulting from the incident described in the Complaint. The Order further stayed and restrained all prior orders, rulings, or decrees issued in conjunction with and previously filed libels, petition, or claims. *Id.*

Claimant, Gregg Welch, a surviving son of the alleged decedent, James Welch, an American seaman, as next friend of the alleged decedent and his surviving children, Jimmy Welch, Ronald Dale Welch, and Melinda Welch, now seeks to modify the restraining order, seeking to bring Jones Act and general maritime law claims in the forum of his choice, West Baton Rouge Parish district court. Mr. Welch reasons he should be allowed to modify the restraining order because (a) the circumstances of the case have changed since the filing of his claim, presenting the court with a single remaining petitioner-in-limitation without pending cross claims between Kirby and other petitioners-in-limitation, (b) he is the sole claimant in the limitation action and the monition period has run, (c) he has filed a stipulation of record complying with the requirements articulated by the United States Court of Appeals for the Fifth Circuit in *Texaco, Inc. v. Williams*, 47 F.3d 765 (5th Cir. 1995), for relief from stays entered in limitation proceedings, and (d) cross claims for indemnity and contribution between Kirby and other potential petitioners that Kirby might speculate to exist are impermissible as a matter of federal law, meaning that they should be disregarded.[2]

---

[2] As a preliminary matter, the Court is disappointed with the petty mudslinging which pervades Mr. Welch's counsel's briefs. Such activity wastes the Court's time and limited resources, and the Court does not take this lightly. Instead of focusing on attacking Kirby's counsel, Mr. Welch will be better served in the future if his counsel will solely focus on presenting the law.

2

II.

The issue before this Court is the same issue addressed in *Texaco v. Williams*; "a recurring and inherent conflict between the exclusive jurisdiction vested in admiralty courts by the Limitation of Liability Act ("the Act") and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333." *Id.* at 767. When a ship owner invokes the Act, a federal court can "stay all other proceedings against the ship owner arising out of the same accident and require all claimants to timely assert their claims in the limitation court." *Id.* "The purpose of the limitation is to preserve the right of the ship owner to limit its liability in a federal forum to the value of the vessel and her pending freight." *Id.* However, a problem exists, since "one statute gives the complainant the right to a common-law remedy, which he may seek in the state court; and another statute gives the ship owner the right to seek a limitation of liability in the federal district court." *Id.*

A.

One exception created in an attempt to resolve this conflict arose in *Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993), and was affirmed in *Williams*. 47 F.3d at 768–69. The exception states that "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *Bonnette*, 4 F.3d at 404. Therefore, with proper stipulations, the claimant may proceed outside the limitation action. *Williams*, 47 F.3d at 767. "[I]f the claimants seek to take advantage of their savings to suitors remedies in state court, [this Court] must accede to this choice if the ship owner's rights to limit are protected by stipulations." *Id.* at 768.

3

This issue accordingly turns on whether Mr. Welch satisfies the exception by making a proper stipulation. Kirby argues that Mr. Welch's stipulation provides that the Court will adjudicate Kirby's right to limitation and exoneration from liability. The Court is unclear if Kirby is arguing that this makes Mr. Welch's stipulation insufficient, but the Court in *Williams* found proper a stipulation that "the limitation court is not bound by any decisions by other courts on issues relating to limitation of liability and exoneration," and this Court finds likewise. Mr. Welch's stipulation is proper, as it complies with the requirement that the complainant stipulate that "the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." Doc. 20-2, ¶¶ 1–4; *Bonnette*, 4 F.3d at 404.[3]

B.

As Mr. Welch's stipulation is proper, he seeks to proceed in state court. Kirby disagrees, arguing this Court should exercise its discretion to hear the entire case, or alternatively, should resolve all limitation and exoneration issues prior to allowing Mr. Welch to proceed in state court. Kirby's argument is composed of arguments and sub-arguments focused on efficiency and judicial economy. Kirby cites a more than fifty year old case for the proposition that this Court has the power to hear the entire case. Kirby also cites a more recent Supreme Court of the United States decision stating "[i]f the district court concludes that the vessel owner's right to limitation will not be adequately protected-where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims-the court may proceed to adjudicate the merits, deciding the issues of liability and limitation." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001).

---

[3] The Parties argue extensively over whether claims for contribution and indemnity are allowed under maritime law. As neither party argues that the effect of contribution and indemnity claims leads to a conclusion different than the one made in this ruling, the Court need not address the issue.

4

The older case, *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 552 (5th Cir. 1960), was held "instantly distinguishable" by *Bonnette*, since only two out of the four claimants therein offered to execute protective stipulations. *Gaffney* is similarly distinguishable here, as all claimants executed the stipulation. Furthermore, Kirby does not establish that the situation in the present case is one in which the vessel owner's right to a limitation will not be adequately protected per *Lewis*. Importantly, *Lewis* went on to say that "where . . . the District Court satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion." *Id.* The guidance of *Williams* and *Bonnette*, along with a lack of countervailing factors, provide that Mr. Welch should be able to proceed in state court, as he wishes, rather than this Court hearing the entire matter.

C.

The Court now addresses Kirby's argument that this Court should resolve all limitation and exoneration issues prior to allowing Mr. Welch to proceed in state court. Kirby claims that this is the preferred approach within federal district courts of the Fifth Circuit, and that it will reduce the burden on both state and federal courts. In support of its argument, Kirby cites *In re Mississippi Limestone Corp.*, 2010 U.S. Dist. WL 4174631, at *3 (N.D. Miss. Oct. 07, 2010), which cites *In re Athena Construction, LLC*, 2007 U.S. Dist. WL 1668753, at *6 (W.D. La. June 6, 2007), and *In re Bergeron Marine Serv., Inc.*, 1994 U.S. Dist. WL 23637, at *1 (E.D. La. May 24, 1994). The key to Kirby's argument is the statement by the United States District Court for the Northern District of Mississippi in *In re Mississippi Limestone Corp.*, that "it . . . appears that the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues and then allow claimants to return to state court if they so desire." 2010 U.S. Dist. WL 4174631, at *3. *In re Mississippi Limestone Corp.* addresses a wish by claimants

5

under the Jones Act and General Maritime Law to bifurcate exoneration and limitation of liability in federal court from all non-limitation issues in state court. *Id.* at *1. In making the referenced statement, the Northern District relies on the United States District Court for the Western District of Louisiana's ruling in *In re Athena Construction*, which initially determined the preferred approach. *Id.* at *3. *In re Athena Construction* relies on two cases from the Eastern District of Louisiana. The first, of which the facts of the case are not discussed, is *In re Bergeron Marine Service, Inc.*, 1994 U.S. Dist. WL 236374, at *1 (E.D. La. May 24, 1994), a short minute entry stating the procedure to be taken in the case. Citing no authority, it decided to determine the negligence of the petitioner and its right to limitation and exoneration, and then to allow the claimants to proceed in state court. *Id.* The second, *In re Suard Barge Services, Inc.*, 1997 U.S. Dist. WL 746510, at *1–3 (E.D. La. Dec. 2, 1997), dealt with whether a stipulation satisfied the *Bonnette* exception, and whether to lift a restraining order granted upon the filing of a complaint in federal court seeking a limitation of liability. Finding the stipulation sufficient, the court allowed the restraining order lifted and the claimant to proceed in state court. *Id.* at 4.

In deciding the preferred approach, *In re Athena Construction* really only relied on one case, and it was a minute entry citing no authority for its decision. *In re Bergeron Marine Service, Inc.*, 1994 U.S. Dist. WL 236374, at *1. The other case, *In re Suard Barge Services*, does not hold that limitation and exoneration issues should be decided first; nor did it recommend that procedure. Furthermore, *In re Athena Construction* affirmatively states that it was not faced with the issue of whether to lift a stay. 2007 U.S. Dist. WL 1668753, at *5. Rather, it sought to determine its own "authority to adjudicate or dismiss claims for punitive damages as a matter of law before deciding the limitation issue that is properly before it as the sitting admiralty court." 2007 U.S. Dist. WL 1668753, at *6. Importantly, it cites the

Case 3:11-cv-00794-JJB-MJU   Document 37   01/14/13   Page 6 of 7

aforementioned exception language in *Bonnette* for the proposition that "Fifth Circuit jurisprudence identifies . . . exceptional circumstances where an admiralty court must permit a state action to proceed concurrent with the limitation action filed in federal court." *Id.* As *In re Athena Construction* expressly states that the *Bonnette* exception provides that an admiralty court *must* permit a state action is to proceed *concurrently* with a limitation action, it could not also have meant that claimants who stipulate properly in accordance with *Bonnette* must wait to proceed in state court until the federal court decides the limitation issues. The rules cannot coexist. This Court therefore finds *In re Mississippi Limestone Corp.* was misguided in relying on *In re Athena Construction* for the proposition that the preferred approach in cases governed by the *Bonnette* exception is to decide the limitation issues prior to allowing the claimants to proceed in state court. Claimants may proceed in state court concurrently with a limitation action in federal court. Following the guidance of the Fifth Circuit in *Bonnette* and *Williams*, Mr. Welch is allowed to proceed in state court.

III.

Accordingly, Mr. Welch's Motion to Modify Restraining Order (Doc. 33) is **GRANTED**. **IT IS HEREBY ORDERED** that the restraining order entered November 22, 2011 in this case be modified to allow Mr. Welch to commence an action against Kirby Inland Marine, L.P. in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, subject to the limitations of the stipulation previously entered in this action as Doc. 20-2.

Signed in Baton Rouge, Louisiana, on January 14, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**